Isaac P. Hernandez (SBN 025537)
Hernandez Law Firm, PLC
10640 N. 28th Drive, Ste. B202
Phoenix, Arizona 85029
Tel:   602.753.2933
Fax:   855.592.5876
Email: isaac@hdezlawfirm.com

*Attorney for Plaintiff Vina Yazzie*

Michele Molinario, Bar #020594
Amelia A. Esber, Bar #031545
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone:  (602) 263-1700
Fax:  (602) 200-7831
mmolinario@jshfirm.com
aesber@jshfirm.com

*Attorneys for Defendants*

# IN THE UNITED STATES COUNTY COURT

# COUNTY OF ARIZONA

| | |
|---|---|
| Vina Yazzie,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Mohave County; Steve Latoski; Ramon Osuna; Kevin Stockbridge; and, Warren Twitchel,<br><br>　　　　　Defendants. | Case No.  3:14-CV-08153-JAT<br><br>**THE PARTIES' PROPOSED CASE MANAGEMENT PLAN** |

Pursuant to the Court's Order dated January 13, 2015 [Doc. 17], counsel for Plaintiff Vina Yazzie ("Plaintiff Yazzie") and Defendants Mohave County, Steve Latoski, Ramon Osuna, Kevin Stockbridge and Warren Twitchel ("Defendants"), first convened a Rule 26(f) meeting on January 26, 2015, and after ongoing

discussion, have agreed to the proposed case management plan and schedule set forth below.

**1.     NATURE OF THE CASE**

**A. Plaintiff's Position:**

Plaintiff Yazzie brings this action under the Rehabilitation Act, 29 U.S.C. §793, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. §12111, *et seq.* ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and 42 U.S.C. §§1981 and 1983 for injuries resulting from Defendants' unlawful employment practices, including but not limited to (1) discrimination against Plaintiff Yazzie because of an actual or perceived disability, or record of having a disability, (2) retaliation for requesting reasonable accommodation, (3) failure to provide reasonable accommodation, (4) discrimination against Plaintiff Yazzie because of her race and/or ancestry (Native American), (5) violation of her rights under the FMLA, and (6) violation of her civil rights, including but not limited to, her rights to Equal Protection and Due Process under the Fourteenth Amendment of the U.S. Constitution.  Plaintiff Yazzie seeks back pay, front pay, and other compensatory damages, attorney's fees and costs, and such further relief as the Court deems just and proper under the circumstances.

**B. Defendants' Position:**

Plaintiff Yazzie was terminated from Mohave County on August 6, 2013 after a random drug screen revealed the presence of illegal drugs.  Defendants deny the allegations in Plaintiff Yazzie's Complaint as she was retaliated against and/or terminated from her position as a road maintenance worker for legitimate and nondiscriminatory purposes.  Defendants specifically deny that Plaintiff Yazzie was terminated because of her gender, race, ancestry, perceived disability, disability or for any unlawful reason.

Defendants reiterate the defenses stated in their Answer, either based on the

- 2 -

4073384.1

facts as they currently stand or under reservation of pending discovery. In summary, however, Defendants contend that Plaintiff has failed to state a claim under the ADA/Rehabilitation Act, FMLA, §§ 1981 and 1983. Defendants intend to file a Rule 12(c), Motion for Judgment on the Pleadings regarding Plaintiff's failure to state a claim and failure to exhaust all administrative remedies. Specifically, Plaintiff failed to plead all essential elements of ADA/Rehabilitation Act, FMLA, Retaliation, §§ 1981 and 1983 claims and/or the facts to support those claims. Also, Plaintiff failed to exhaust all administrative remedies prior to filing her Complaint (i.e. Plaintiff failed to file an EEOC Complaint within 300 days of being terminated on August 6, 2013 and failed to file any EEOC Complaint regarding retaliation).

Further, Plaintiff cannot establish a prima facie case of discrimination because Plaintiff was terminated for legitimate, non-discriminatory reasons. In fact, Plaintiff admitted in her termination appeal hearing that she had used marijuana prior to her drug test and was not surprised that her test results were positive. Accordingly, Plaintiff's claims may be barred by the doctrine of res judicata. *See Olson v. Morris*, 188 F.3d 1083 (9th Cir. 1999). Plaintiff's claims are barred by the *Rooker-Feldman* doctrine because this Court cannot re-hear a constitutional claim that is "inextricably intertwined" with an issue resolved by the Merit Board. *Noel v. Hall*, 341 F.3d 1148, 1154-55 (9th Cir. 2003). Moreover, Plaintiff failed to request FMLA leave or give notice of a request for any reasonable accommodation. She also has not established or pled any fact that she had a "serious health condition" thereby entitling her to FMLA.

**2.   JURISDICTIONAL BASIS**

Jurisdiction over Plaintiff's federal law claims is conferred on this Court pursuant to 28 U.S.C. § 1331.

**3.   PARTIES SERVED**

All Defendants have been served with the Summons and Complaint, and they

- 3 -

have jointly filed a timely Answer to the Complaint.

**4.     PARTIES NOT SUBJECT TO THE COURT'S JURISDICTION**

At this time the Parties are unaware of any parties that would not be subject to the Court's jurisdiction.

**5.     SUITABILITY FOR REFERENCE TO ARBITRATION, A SPECIAL MASTER OR U.S. MAGISTRATE JUDGE**

The Parties agree that this case is not, at this time, suitable for reference to Arbitration, a Special Master, or Magistrate Judge.

**6.     STATUS OF RELATED CASES PENDING IN OTHER COURTS**

There are, at present, no related cases pending in other courts.

**7.     INITIAL DISCLOSURES**

The Parties will exchange initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure on or before February 27, 2015.

**8.     PROPOSED DEADLINES**

  **a.     Amending Pleadings.**

The Parties have agreed that any motions to amend the pleadings shall be filed on or before March 13, 2015.

  **b.     Deadline for Expert Disclosures.**

Plaintiff shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than July 10, 2015.

Defendants shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than August 14, 2015.

Plaintiff's rebuttal disclosures, if any, shall be made no later than September 4, 2015.

  **c.     Discovery.**

The Parties have agreed that discovery shall be completed by October 23,

2015.

The Parties have further agreed that any electronically stored information disclosed or produced in this action will be disclosed or produced in the format preferred by the producing party, and that upon request by the receiving party, electronically stored information will be produced in native format.

### d.     Dispositive Motions.

The Parties have agreed that all dispositive or all partially dispositive motions shall be filed and served by December 18, 2015.

### e.     Case Specific Deadlines.

To the extent that Plaintiff Yazzie asserts that any individual Defendant violated her civil rights, said individual Defendants enjoy qualified immunity.  As such, Defendants respectfully request this Court's approval to file more than one dispositive motion to resolve the qualified immunity issue early on.  Once discovery has been completed, all issues in the case may be disposed of through a second dispositive motion pertaining to Plaintiff's substantive claims.  Although Defendants are aware that the Court typically limits each party to one dispositive motion, Defendants respectfully request the Court's approval to file two.  Given the nature and breadth of Plaintiff's allegations, it is in the best interest of the Parties, and consistent with principles of judicial economy, for the claims to be narrowed in advance of extensive discovery.  If the Court grants the Defendants' request to file more than one disposition motion, the Parties agree that Motions for Summary Judgment based on the defense of qualified immunity will be filed on or before August 14, 2015.

## 9.     SUGGESTED CHANGES TO DISCOVERY LIMITATIONS

The Parties do not, at this time, anticipate the need for any changes in the discovery limitations imposed by the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2.

Hernandez Law Firm, PLC
10640 N. 28th Drive, Ste. B202
Phoenix, Arizona 85029
602.753.2933

4073384.1

**10.   ESTIMATED TRIAL DATES AND LENGTH OF TRIAL**

The Parties presently estimate that the case will be ready for trial by March 21, 2016, and anticipate five (5) full days to try the issues in this case. They have no suggestions at this time for shortening the length of the trial.

**11.   JURY TRIAL**

The Parties have requested a jury trial.

**12.   PROSPECTS FOR SETTLEMENT**

At this time, the Parties consider the prospects for settlement of this case to be slight, and they do not believe that assistance from the Court is likely to improve the prospects. The Parties do not foreclose the possibility of settlement at a later stage of the litigation, nor do they dismiss the possibility that Court assistance at such later stage could be helpful.

**13.   MODIFICATION OF PRETRIAL PROCEDURES**

The Parties are not aware at this time of other matters that would likely aid the Court and the Parties in resolving this case in a just, speedy, and inexpensive manner.

Respectfully submitted this 4th day of February 2015.

          Hernandez Law Firm, PLC

          By: /s/ Isaac P. Hernandez
             Isaac P. Hernandez
             Attorney for Plaintiff

          JONES SKELTON & HOCHULI

          By: /s/ Michele Molinario (w/ permission)
             Michele Molinario (020594)
             Amelia A. Esber (031545)
             2901 North Central Avenue, Suite 800
             Phoenix, Arizona  85012
             Attorneys for Defendants

Hernandez Law Firm, PLC
10640 N. 28th Drive, Ste. B202
Phoenix, Arizona 85029
602.753.2933

4073384.1

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2015, a copy of the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and sent to all parties of record by operation of the Court's electronic filing system.


/s/ Isaac P. Hernandez

4073384.1