**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vina Yazzie,<br><br>          Plaintiff,<br><br>v.<br><br>Mohave County, Steve Latoski, Ramon Osuna, Kevin Stockbridge and Warren Twitchel,<br><br>          Defendants. | No. CV-14-08153-PCT-JAT<br><br>**ORDER** |

    On April 1, 2015, Defendants filed a partial motion for judgment on the pleadings. After numerous extensions, Plaintiff responded on August 14, 2015. At Defendants' request, this Court held oral argument on October 27, 2015. At oral argument, Plaintiff's counsel argued that Plaintiff had evidence relevant to equitable tolling and that the motion for judgment on the pleadings (as to the exhaustion argument) would have been more properly filed as a Federal Rule of Civil Procedure 56 motion.

    While the Court was very disappointed that counsel would wait almost seven months to argue that a motion needed to be considered under a different procedural mechanism, the Court nonetheless converted the motion for judgment on the pleadings to a motion under Rule 56, and permitted counsel to respond and present evidence. Doc. 68.

    Apparently, the Court's order converting the motion for judgment on the pleadings to a motion under Rule 56 was ambiguous because Plaintiff's counsel literally just

submitted evidence. This was not the Court's intent. Once the motion was converted (as to the exhaustion issue), Plaintiff needed to respond as she would to any other motion for summary judgment, including filing a memorandum of points and authorities, a statement of facts, and then appropriately attaching evidence to the statement of facts. This Court will not undertake to review Plaintiff's evidence and hypothesize arguments for how those pieces of evidence might qualify Plaintiff for equitable tolling, and/or for how long such tolling might be appropriate.

Accordingly,

**IT IS ORDERED** that Plaintiff's supplemental response filed at Doc. 70 is stricken.

**IT IS FURTHER ORDERED** that Plaintiff shall file a supplemental response that fully complies with Federal Rule of Civil Procedure 56 and Local Rule Civil 56.1 by Tuesday, November 10, 2015. If Plaintiff fails to file a complying response within this deadline, the Court will deem all of Plaintiff's procedural objections to this Court considering the pending motion as one for judgment on the pleadings to be waived.

Dated this 6th day of November, 2015.

James A. Teilborg
Senior United States District Judge

- 2 -