WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vina Yazzie,<br><br>            Plaintiff,<br><br>v.<br><br>Mohave County, Steve Latoski, Ramon Osuna, Kevin Stockbridge and Warren Twitchel,<br><br>            Defendants. | No. CV 14-08153-PCT-JAT<br><br>**ORDER** |

Currently pending before the Court is Defendants' Motion for Judgment on the Pleadings and Plaintiff's Second Motion to Extend Time to Amend Pleading. (Doc. 26 and Doc. 43). At oral argument, Plaintiff argued that as to the issue of exhaustion with the EEOC, Defendants' motion should be converted to a motion for summary judgment. As to this issue only, the Court converted the motion originally filed under Federal Rule of Civil Procedure 12(c) to one under Federal Rule of Civil Procedure 56, and allowed Plaintiff to submit evidence. (Docs. 68 and 73).

**I.      Facts**

Plaintiff Vina Yazzie ("Plaintiff") was previously employed by Defendant Mohave County, as a road maintenance worker. (Doc. 4 at 3; Doc. 14 at 3). On July 15, 2013, Plaintiff attended a county drug and alcohol training session conducted by Defendant Twitchel. (Doc. 4 at 3; Doc. 14 at 4). Plaintiff claims Defendant Twitchel made reference to a "zero tolerance" policy, which was not approved by the County

Board of Supervisors. (Doc. 4 at 3). Plaintiff was selected for a drug screening the following day. (Doc. 4 at 3; Doc. 14 at 4). Plaintiff was later notified she had tested positive for drugs. (Doc. 4 at 4; Doc. 14 at 4).

On August 6, 2013, Plaintiff attended a meeting with Defendants Stockbridge and Latoski. (Doc. 4 at 4; Doc. 14 at 5). At this meeting, Defendants Stockbridge and Latosk notified Plaintiff that her employment was terminated and they advised her of her right to appeal. (Doc. 4 at 4; Doc. 14 at 5). Plaintiff filed for a hearing regarding her termination on August 15, 2013. (Doc. 4 at 4; Doc. 14 at 5). Plaintiff's termination was upheld following a Merit Commission Appeal Hearing on December 20, 2013. (Doc. 4 at 5; Doc. 14 at 6).

On April 2, 2014, Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC"), claiming discrimination on the basis of her race, national origin, and sex. (Doc. 4 at 10; Doc. 14 at 9). The EEOC issued a Notice of Right to Sue on May 21, 2014 and Plaintiff filed her original complaint with this Court on August 20, 2014. (Doc. 4 at 10; Doc. 14 at 9). Plaintiff filed a second charge with the EEOC on August 15, 2014, alleging disability discrimination under the Americans with Disabilities Act ("ADA"). (Doc. 4 at 10; Doc. 14 at 9). The EEOC issued a Notice of Right to Sue for the second charge on September 26, 2014, and Plaintiff subsequently amended her complaint on November 24, 2014. (Doc. 4 at 10; Doc. 14 at 9-10).

In her amended complaint, Plaintiff alleges eleven causes of action. (Doc. 4 at 10-22). Counts 1-9 name only Mohave County, Counts 10 and 11 name Defendants Mohave County, Steve Latoski, Ramon Osuna, Kevin Stockbridge, and Warren Twitchel ("Defendants"). (Doc. 4 at 10-22). Counts 1-3 allege violations of Section 504 of the Rehabilitation Act, specifically disability discrimination, retaliation, and failure to provide reasonable accommodation. (Doc. 4 at 10-13). Counts 4-6 allege violations of the ADA, specifically disability discrimination, retaliation, and failure to provide reasonable accommodation. (Doc. 4 at 13-16). Count 7 alleges violation of Title VII, discrimination

based on race and/or ancestry. (Doc. 4 at 16-17). Counts 8 and 9 allege violations of the Family Medical Leave Act, specifically interference and retaliation. (Doc. 4 at 17-19). Count 10 alleges discrimination based on race and/or ancestry, in violation of 42 U.S.C. § 1981. (Doc. 4 at 19-21). Count 11 alleges civil rights violations under 42 U.S.C. § 1983. (Doc. 4 at 21-22).

On April 1, 2015, Defendants filed the pending Motion for Judgment on the Pleadings, requesting this Court dismiss Counts 1-6, 10, and 11 against Mohave County.[1] (Doc. 26). Plaintiff filed a brief in opposition to the motion, as well as the pending Second Motion to Extend Time to Amend Pleading on August 14, 2015. (Doc. 43-44).

## II. Motion for Judgment on the Pleadings

### A. Legal Standard

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is "functionally identical" to a Rule 12(b)(6) motion to dismiss, thus "the same standard of review applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n. 4 (9th Cir. 2011) (internal quotation omitted).

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Also, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

---

[1] It would aid the Court if motions would reflect in their captions whether they seek partial or complete dismissal of the case and/or a particular Defendant.

*Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. (citing *Twombly*, 550 U.S. at 557).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1202, pp. 94, 95 (3d ed. 2004)). Thus, Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss, the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and must accept all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000); *Cafasso*, 637 F.3d 1053 ("[w]hen considering a Rule 12(c) dismissal, we must accept the facts as pled by the nonmovant"). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### B. Discussion

#### 1. Section 504 and ADA Claims

Plaintiff alleges six claims under Section 504 of the Rehabilitation Act and the ADA, alleging disability discrimination, retaliation, and failure to provide reasonable

- 4 -

accommodation for Plaintiff's disability. (Doc. 4 at 10-17). Mohave County ("Defendant") claims the Court lacks jurisdiction over these claims because Plaintiff failed to file these claims with the EEOC within 300 days of her termination of employment.[2] (Doc. 26 at 4-6). Defendant further claims Plaintiff failed to state a claim under the ADA and the Rehabilitation Act because she has not adequately pleaded having a disability. (Doc. 26 at 8-11).

Plaintiff responds by asserting that the timely claims alleging racial discrimination submitted to the EEOC were related to the later claims alleging disability discrimination, and thereby were timely under the "relation back" doctrine. (Doc. 44 at 3). Alternatively, Plaintiff argues the Court should consider her disability discrimination complaints timely under an "equitable tolling" theory. (*Id.*). Following oral argument, the Court converted this alternative defense to timeliness to a motion for summary judgment.

### a. The Relation Back Doctrine

Section 2000(e)-5, requires that a charge "shall be filed . . . within three hundred days after the alleged unlawful employment practice occurred . . . " 42 U.S.C. § 2000e-5. However, the "relation back" doctrine allows that an additional claim which is "related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received." 29 C.F.R. § 1601.12. For this doctrine to apply, the "factual allegations must be able to bear the weight of [a] new theory added by amendment." *Rodriguez v. Airborne Express*, 265 F.3d 890 (9th Cir. 2001).

For Plaintiff to be excused from timely exhaustion under a relation back theory, she must show that her new claims of disability discrimination are related to her original claims of race and sex discrimination. *See, e.g.*, *Pejic v. Hughes Helicopters, Inc.*, 840 F.2d 667, 675 (9th Cir. 1988) (finding that the defendant's initial Title VII claim was under an entirely different statutory scheme than his ADEA claim and the claims were

---

[2] All named Defendants moved for Judgment on the Pleadings. (Doc. 26). However, since the motion pertains only to claims against Mohave County, "Defendant" will be used to avoid confusion.

- 5 -

not related); *see also Taxey v. Maricopa Cty.*, 237 F. Supp. 2d 1109, 1113 (D. Ariz. 2002) (noting the plaintiff's new claim of discrimination based on nationality "fails to clarify or amplify allegations made in the original charge, and does not allege additional Title VII violations related to or growing out of the subject matter of the original charge, age discrimination.").

In her original filing with to the EEOC, Plaintiff alleged discrimination based upon sex, race, and national origin. (Doc. 44-2 at 2). Plaintiff checked only the boxes on the form alleging discrimination based on race, sex, and national origin. (*Id.*) The box to allege discrimination based on disability was left unchecked. (*Id.*) Plaintiff stated on the form that she believed she was terminated "because of [her] sex, [f]emale, [r]ace, Native American, and national origin, Navajo." (*Id.*)

The notes from Plaintiff's intake interview with the EEOC do not contain any information which could reasonably have alerted the EEOC to a disability claim. (Doc. 44-2 at 3). Plaintiff claimed in the interview that she was told she was missing too much work when she was caring for her sick child. (Doc. 44-2 at 3-4). Plaintiff also alleged that male co-workers were given promotions when she was more qualified for the position. (Doc. 44-2 at 3). Plaintiff alleged that male co-workers made derogatory comments to her, including "today is Mother's Day" and "a mother you-know-what." (Doc. 44-2 at 4).

These facts would support only allegations of discrimination based on race, gender, and national origin; they could not reasonably have led the EEOC to also investigate disability discrimination. *See, e.g.*, *Rodriguez*, 265 F.3d at 897 (noting the plaintiff's claims "involve[d] totally different kinds of allegedly improper conduct, and investigation into one claim would not likely lead to investigation of the other."); *see also Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) ("A decision that an EEOC complaint with no mention whatsoever of disability is 'like or reasonably related to' the plaintiff's disability claim would reduce the exhaustion requirement to a formality.").

Plaintiff's argument that the facts contained in her original claim of discrimination

on the basis of race, sex, and national origin are reasonably related to her untimely claims of disability discrimination is not supported by the evidence Plaintiff submitted with her reply. (Doc. 44 at 3).[3] Thus, application of the "relation-back" doctrine is inappropriate in this case.

### b. Date of Termination

Plaintiff opposes Defendant's motion regarding Counts 1-6, claiming "there are significant questions of fact as to when the decision to fire was final" and "no policies or other evidence has been entered that can be said to be dispositive on this issue." (Doc. 44 at 5). However, Plaintiff's claim is not supported by the record. (Doc. 4 at 4-9).

Plaintiff was notified of her termination of employment with Mohave County on August 6, 2013. (Doc. 4 at 4; Doc. 44-2 at 2). A claim accrues at the time a discriminatory act occurs, and must be filed within the statutory time period. *Pouncil v. Tilton*, 704 F.3d 568, 578 (9th Cir. 2012) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). The review of Plaintiff's termination by the Merit Board did not toll the running of the statutory limitation period. *See Delaware State Coll. v. Ricks*, 449 U.S. 250, 261 (1980) ("[W]e already have held that the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods.") (citing *Electrical Workers v. Robbins & Myers, Inc.*, 429 U.S. 229 (1976)). Thus, there remains no question of fact regarding when Plaintiff's termination became final.

Therefore, the alleged discriminatory act occurred on August 6, 2013. (Doc. 4 at 4). Plaintiff did not file her claim alleging disability discrimination with the EEOC until August 15, 2014. (Doc. 4 at 10). Accordingly, Plaintiff was beyond the deadline for filing. Thus, Counts 1-6 will be dismissed as untimely unless Plaintiff can establish that she should receive equitable tolling.

---

[3] The Court considered this evidence on a Rule 12(c) motion because it is the filing with the EEOC, which should have been alleged in the complaint and incorporated into the complaint.

### c.  Equitable Tolling

As indicated above, the Court converted the portion of Defendant's motion to which Plaintiff responded with the defense of equitable tolling to a Rule 56 motion. The Court will address these arguments by separate order.

### d.  Failure to State a Claim

Alternatively, Defendant argues that even if Plaintiff's ADA and Rehabilitation Act claims had been timely exhausted with the EEOC, Counts 1-6 should be dismissed because Plaintiff failed to adequately plead a claim under the ADA and Rehabilitation Act. (Doc. 26 at 8). Defendant claims Plaintiff failed to establish that she suffers from a disability under the ADA and Rehabilitation Act or that she requested accommodation. (Doc. 26 at 9-10). Plaintiff responds that she suffers from high blood pressure in addition to a number of other medical problems, including "nervous and musculoskeletal problems," of which she claims Defendant was aware. (Doc. 44 at 5). Plaintiff asserts that whether she is a qualified person is "deeply rooted in the facts of the case" and dismissal is not appropriate while she is still undergoing medical treatment, which includes obtaining a diagnosis. (Doc. 44 at 6). Further, Plaintiff claims to have requested accommodation on numerous occasions from her supervisors, including requests for time off to attend medical appointments and requests for treatment. (Doc. 44 at 7).

The standard used to determine whether an act violated the ADA and the Rehabilitation Act is essentially the same. *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004). The ADA prohibits discrimination against a "qualified individual" with a disability in regard to "terms, conditions and privileges of employment." 42 U.S.C. § 12112(a).  A "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). A person suffers from a disability if he or she: "(1) has a physical or mental impairment that substantially limits one or more of the individual's major life activities; (2) has a record

- 8 -

of such an impairment; or (3) is regarded as having such an impairment." *Coons*, 383 F.3d at 884 (citing *Deppe v. United Airlines*, 217 F.3d 1262, 1265 (9th Cir. 2000)); *see also* 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(g). A "major life activity" includes such activities as "caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1010 (9th Cir. 2007) (quoting *Bragdon v. Abbott*, 524 U.S. 624, 638 (1998)). Thus, to sufficiently plead a claim, a plaintiff must show that he or she: (1) is a qualified individual with a disability and (2) has "suffered an adverse employment action because of [his or her] disability." *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (quoting *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003)).

In this case, Plaintiff is a "qualified individual" within the meaning of the ADA. Prior to her termination, Plaintiff performed her duties with Mohave County for nearly 19 years, demonstrating the ability to perform the functions of her position. (Doc. 4 at 3). The question becomes whether Plaintiff has a disability that substantially limits a major life activity within the meaning of the ADA. With the exception of high blood pressure and a vague reference to "nervous and musculoskeletal problems" Plaintiff has avoided naming specific medical conditions while simultaneously insisting that Defendant has "extensive knowledge" of them. (Doc. 44 at 5). Plaintiff makes no argument, in her amended complaint or her reply that the conditions she does not identify impact a major life activity. Additionally, Plaintiff states in her reply that dismissal would be inappropriate because some of her disabilities have yet to be diagnosed. (Doc. 44 at 6). These pleading deficiencies make it impossible to determine whether Plaintiff suffers from an actual disability.

Generally, this record would support granting a motion to dismiss for failure to state a claim. However, because Defendants chose to wait until after the deadline to amend to cure any pleading deficiencies had expired, coupled with Plaintiff having now put evidence in the record on the merits of her disability theory (Docs. 72 and 73), the

1 Court will deny the motion for judgment on the pleadings. This ruling is without 2 prejudice to Defendants, within the deadline, moving for summary judgment on this 3 theory.

### 2. Claims Under §§ 1981 and 1983

Defendant claims that Counts 10 and 11 should be dismissed against Mohave County because Plaintiff failed to sufficiently plead a claim where Mohave County can be held responsible for the acts of its employees. (Doc. 26 at 11-12). Plaintiff asserts the draft "zero tolerance" drug policy was "presumably made by lawmakers of Mohave County" and the lawmakers then "had the draft circulated and available for use as a custom of the various departments when they wanted to violate the policies that had been publicly passed." (Doc. 44 at 8). Plaintiff concludes that "[t]he fact that the policy was officially drafted by the County itself is more than enough to clear the hurdle of dismissal on the issue of County liability." (*Id.*)

Section 1981 establishes that every person shall have equal right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property . . . " 42 U.S.C. § 1981. Section 1983 provides that any person who deprives another of "any rights, privileges, or immunities" may be held liable. 42 U.S.C. § 1983. To hold a municipality liable under section 1983 for an injury inflicted by an employee, the injury must have been in "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). This liability is not based on the theory of respondeat superior. *Id.* at 691. Instead, "a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal policy or custom that caused the plaintiff's injury." *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1027 (9th Cir. 2015) (quoting *Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1232–33 (9th Cir. 2011)).

In her amended complaint, Plaintiff does not allege that Mohave County's zero tolerance drug policy or some other policy was discriminatory; but, she argues that "the County did not terminate other similarly situated non-Native American employees who violated the County's Drug and Alcohol Policies." (Doc. 4 at 20). Further, Plaintiff alleges "the County did not enforce its Drug and Alcohol Testing Policies in a consistent and non-discriminatory manner." (Doc. 4 at 21). Plaintiff alleges non-Native American employees received better treatment, more frequent promotions and pay raises. (Doc. 4 at 20). Thus, Plaintiff appears to be alleging that Defendant had a non-discriminatory policy or policies that Defendant had a custom of enforcing in a discriminatory manner.

Plaintiff fails to offer any factual allegations or specify a formulated custom of Mohave County that contributed to the actions of its employees. A bare allegation alone is insufficient to support Plaintiff's claims against Mohave County. *Cf. AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying the motion to dismiss standard from *Twombly* and *Iqbal* and holding that a conclusory allegation that the defendant county had unconstitutional policies, practices, or customs relating to the care and custody of dependent minors failed to state a claim). Indeed, "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Here, Plaintiff makes no specific factual allegations of a long standing custom, but instead states the legal conclusion that the policy was applied in discriminatory manner.

Thus, Plaintiff's claims under sections 1981 and 1983 against Mohave County do not contain sufficient factual allegations to plausibly establish liability against the County; and thus, do not survive Defendant's Rule 12(c) motion. Accordingly, Counts 10-11 will be dismissed as to Mohave County.

- 11 -

### III. Motion to Amend

Generally, Rule 15(a) governs a motion to amend pleadings to add claims or parties. However, Rule 16 also applies because Plaintiff's request to amend her complaint was filed after the Rule 16 Scheduling Order deadline had expired. With respect to the interplay between Rules 16 and 15(a), "[a]s the Ninth Circuit explained in *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992), once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). "If [the court] considered only Rule 15(a) without regard to Rule 16(b), it would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Accordingly, the Court will evaluate Plaintiff's motion first under Rule 16, and then, if necessary, under Rule 15(a).

#### A. Rule 16

##### 1. Legal Standard

Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Under Rule 16, "good cause" means the scheduling deadlines cannot be met despite the party's diligence. *Johnson*, 975 F.2d at 609 (citing 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990)). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks omitted).

> To demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that he was

- 12 -

> diligent in assisting the court in creating a workable Rule 16 order; (2) that his noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding his diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that he was diligent in seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order.

*Morgal v. Maricopa County Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. June 6, 2012) (quoting *Grant v. United States*, No. 2:11–CV–00360 LKK KJN PS, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011), *adopted by*, No. CIV-S-11-0360-LKK-KJN-PS, 2012 WL 218959 (E.D. Cal. Jan. 23, 2012) (other citation omitted)).

### 2. Discussion

Plaintiff requests the Court grant leave to amend her First Amended Complaint. (Doc. 43 at 1).[4] Earlier, the Court set a deadline of March 13, 2015, to file a motion to amend the complaint. (Doc. 21 at 2). Plaintiff was represented by counsel until May 13, 2015, sixty-one days after the deadline to amend had passed. (Doc. 31). In her request, Plaintiff states that leave to amend is necessary because she had "recently retained new counsel and would like to allow [c]ounsel to review the documents, amend, and bolster any arguments." (Doc. 43 at 1).[5] However, obtaining new counsel is not a valid reason for delay. *See Johns v. Autonation USA Corp.*, 246 F.R.D. 608, 610 (D. Ariz. 2006) (denying a motion requesting an extension of time where only explanation for delay was substitution of counsel and new counsel waited four months to request extension).

Plaintiff offers no explanation why she failed to amend her complaint during the time period set forth by the scheduling order, throughout which she was represented by

---

[4] The Court also notes that in her motion, Plaintiff failed to provide attachments or details explaining what, if any, amendments she proposes to make, which if a formal motion to amend were filed, is required by LRCiv 15.1. (Doc. 43 at 1).

[5] While the Court has considered this argument, the Court notes it is likely moot because Plaintiff's current counsel has now moved to withdraw from representing Plaintiff.

- 13 -

counsel. Additionally, Plaintiff provides no reason that would satisfy the "good cause" requirement of Rule 16. *See Ticktin v. Carole Fabrics*, 2007 WL 38330, at *1 (D. Ariz. Jan. 5, 2007) ("[A] court may deny a motion to modify a scheduling order where the moving party fails to demonstrate diligence in complying with the order and fails to show good cause for the modification."); *see also Johnson*, 975 F.2d at 609 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.").

### B. Rule 15

Plaintiff failed to demonstrate the diligence necessary to meet Rule 16's "good cause" standard. Therefore, the Court declines to exercise its discretion to modify the Rule 16 Scheduling Order and an analysis under Rule 15(a) is unnecessary. Accordingly, Plaintiff's Second Motion for Leave to Extend Time to Amend Pleading (Doc. 43) is denied.

### IV. Conclusion

Based on the foregoing,

**IT IS ORDERED** Defendant's Motion for Judgment on the Pleadings (Doc. 26) is granted in part as follows: Counts 10 and 11 against Defendant Mohave County are dismissed.[6] The Motion is denied to the extent is seeks judgment on Counts 1-6 for failure to state a claim. The Motion remains under advisement regarding whether Plaintiff exhausted her disability discrimination claims with the EEOC (thus whether Counts 1-6 will be dismissed on this basis remains under advisement). Because Counts 7-9 were not the subject of the Motion of Judgment on the Pleadings, they are not dismissed. Counts 10 and 11 against Defendants Steve Latoski, Ramon Osuna, Kevin Stockbridge, and Warren Twitchel are also not dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's Second Motion to Extend Time to Amend Pleading (Doc. 43) is denied.

///

---

[6] The Clerk of the Court shall not enter judgment.

- 14 -

**IT IS FINALLY ORDERED** that Defendants shall reply to Plaintiff's Rule 56 response by December 14, 2015.

Dated this 25th day of November, 2015.

James A. Teilborg
Senior United States District Judge