WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vina Yazzie, | No. CV-14-08153-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Mohave, County of, et al., | |
| Defendants. | |

**I.   Background and Prior Orders**

Previously, Defendants moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Doc. 26). Part of Defendants' motion argued that certain counts of the complaint (related to alleged disability discrimination) should be subject to judgment on the pleadings because Plaintiff failed to timely exhaust that theory with the EEOC. Plaintiff responded and argued that to the extent her exhaustion was untimely, she should be entitled to equitable tolling.

This Court converted (at Plaintiff's request) the portion of the motion related to exhaustion of the disability theory to a motion under Federal Rule of Civil Procedure 56. (Doc. 68). In the conversion Order, the Court stated: "IT IS ORDERED that [the] pending Rule 12(c), Motion for Judgement on the Pleadings, is hereby converted to a Rule 56, Motion for Summary Judgement, as to the issue of exhaustion only." (*Id.*).

This Court proceeded to rule on the remainder of the Rule 12(c) motion as follows:

> **IT IS ORDERED** Defendant's Motion for Judgment on the Pleadings (Doc. 26) is granted in part as follows: Counts 10 and 11 against Defendant Mohave County are dismissed.[footnote omitted] The Motion is denied to the extent is seeks judgment on Counts 1-6 for failure to state a claim. The Motion remains under advisement regarding whether Plaintiff exhausted her disability discrimination claims with the EEOC (thus whether Counts 1-6 will be dismissed on this basis remains under advisement). Because Counts 7-9 were not the subject of the Motion [for] Judgment on the Pleadings, they are not dismissed. Counts 10 and 11 against Defendants Steve Latoski, Ramon Osuna, Kevin Stockbridge, and Warren Twitchel are also not dismissed.

Doc. 74 at 14.

Regarding Counts 1-6, which contain Plaintiff's claims of disability discrimination, within the body of the Order at Doc. 74, the Court concluded that the August 14, 2014 charge with the EEOC was untimely based on Plaintiff's date of termination. Doc. 74 at 7. The Court also concluded that Plaintiff had failed to established that her untimely August 14, 2014 charge with the EEOC should relate back to her timely April 2, 2014, charge with the EEOC. Doc. 74 at 5-7. Thus, for Plaintiff to be entitled to pursue Count 1-6, she must establish a basis for equitable tolling to excuse her untimely exhaustion with the EEOC.

**II.   Equitable Tolling**

In responding under Rule 56, Plaintiff advanced two arguments for equitable tolling: 1) "Plaintiff's mental state;" and, 2) "failure to understand EEOC filing process." (Doc. 73 at 7-8).[1] "Equitable tolling" allows a deadline to file with an administrative agency to be tolled in some circumstances. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (noting "that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.").

---

[1] Plaintiff spends pages 9-15 of her response arguing the merits of her claims. However, because Defendants did not move for summary judgment on the merits of any of the claims, the Court has not addressed those arguments.

### A. Mental State

A deadline to file with an administrative agency may be tolled due to mental incompetence, provided certain criteria are met:

> First, a plaintiff must show his mental impairment was an 'extraordinary circumstance' beyond his control by demonstrating the impairment was so severe that either (a) plaintiff was unable rationally or factually to personally understand the need to timely file, or (b) plaintiff's mental state rendered him unable personally to prepare [a complaint] and effectuate its filing. Second, the plaintiff must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances. . . .

*Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011), *as amended* (Aug. 19, 2011) (internal citations and quotations omitted); *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010).

The evidence Plaintiff offers of a problem with her mental state is "letters from friend and neighbors" which purport to document her sleeplessness, loss of appetite and other unidentified problems. Doc. 73 at 7.[2] Even assuming this evidence is true, none of it rises to the level of plaintiff being unable to rationally or factually understand the need to timely file or plaintiff being unable to personally prepare a charge and file with the EEOC. *See, e.g.*, *Johnson,* 653 F.3d at 1010 (noting the plaintiff, though he claimed to be of unsound mind and was receiving disability benefits, nonetheless actively participated in litigation to advance his interests).

As the evidence shows, Plaintiff had counsel during some portion of the relevant filing period who could have assisted her. (Doc. 80 at 7). Moreover, despite her alleged mental ailments, Plaintiff demonstrated the capacity to understand her rights and actively pursued her case. (Doc. 4 at 4, 5, 7, 10). Immediately prior to her termination, Plaintiff

---

[2] Defendant has objected to the admissibility of this evidence. Doc. 80 at 11. While many of these objections are likely well taken, the Court has nonetheless considered Plaintiff's evidence for purposes of this Order. The Court also notes Defendants again seek oral argument in their Reply. Because the Court has already held oral argument on this motion, the request is denied.

obtained a second drug test and a list of her current medications to provide to Defendants Stockbridge and Latoski, which she did on August 6, 2013. (Doc. 4 at 4). On August 15, 2013, Plaintiff requested a hearing regarding her termination, nine days after she was notified of her termination. (*Id*.) Plaintiff sought out a drug treatment program. (Doc. 4 at 5). Plaintiff also contacted the Mohave County's Human Resources Department in September or October of 2013 to obtain a copy of their "zero tolerance" drug policy. (Doc. 4 at 7). This demonstrates she was able to contest her termination through the appeals process within the County.

Additionally, on April 2, 2014, Plaintiff was able to file her original charge of race and sex discrimination within the EEOC deadline while allegedly under these mental impairments. (Doc. 4 at 10). This contradicts Plaintiff's claim she was unable to understand or pursue assistance in filing with the EEOC. (Doc. 44 at 5). Plaintiff offers no evidence to support her claim that mental impairments made it impossible to meet the filing deadlines for her second EEOC charge of disability discrimination.

Thus, Plaintiff has not shown that her mental health issues were so severe that equitable tolling would be appropriate. Further, the actions Plaintiff took to pursue her rights during the period following her termination belie her claim that she was too incapacitated to timely file her discrimination charge with the EEOC. (Doc. 4 at 4, 5, 7, 10).

**B.     EEOC filing process**

Plaintiff claims that her pro se status and the EEOC not being clear with her are a second basis for equitable tolling. (Doc. 73 at 8). First, as discussed above, Plaintiff was not pro se during the entire time she could have filed with the EEOC. (Doc. 80 at 7).

Second, Plaintiff offers no evidence that she was misled by EEOC representatives. (Doc. 73 at 7-8). *See Josephs v. Pacific Bell*, 443 F.3d 1050, 1061 (9th Cir. 2005) (allowing equitable tolling only when a pro se litigant who diligently pursued the claim was affirmatively misled by the administrative agency responsible for processing the charge and relied on the misinformation). Plaintiff's only evidence of any improper

conduct by the EEOC is: "Evidence of the EEOC failing to properly communicate with Plaintiff is found in the EEOC's delay in delivering paperwork to Plaintiff." (Doc. 73 at 8). Assuming the EEOC had an unreasonable delay in delivering paperwork, that delay does not rise to the level of misinformation.

Finally, Plaintiff in fact timely filed with the EEOC. She just did not include any claims of disability discrimination in the filing. The timely filing is conclusive evidence that Plaintiff knew how to file with the EEOC in a timely manner. Thus, for all of these reasons, the Court finds that nothing said or done by the EEOC in this case provides a basis for equitable tolling.

## III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the motion for judgment on the pleadings (Doc. 26), which was converted to a motion for summary judgment (Doc. 68) is granted as to Count 1-6 (which were still under advisement following the Order at Doc. 74). Because various counts remain in this case, the Clerk of the Court shall not enter judgment at this time.

Dated this 21st day of December, 2015.

James A. Teilborg
Senior United States District Judge